IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

SHAKERIA STARKS                                                                    PLAINTIFF
3809 Riveroaks Circle
Louisville, Kentucky 40241

                                                                                                    Case No. 3:21-cv-436-DJH

v.

                                                                                                    Judge David J. Hale

TRANS UNION, LLC                                                                   DEFENDANTS
555 W. Adams Street
Chicago, Illinois 60661

      SERVE:     The Prentice Hall Corporation System
                         421 West Main Street
                         Frankfort, Kentucky 40601
                         (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:     CT Corporation System
                         306 W. Main Street, Suite 512
                         Frankfort, Kentucky 40601
                         (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Shakeria Starks, by counsel, and for her Verified Complaint against the Defendants, Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Trans Union") states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendant's failure to investigate Plaintiff's credit reporting dispute; Republic Finance LLC's ("Republic") false reporting of multiple charge offs on Plaintiff's Experian report; Trans Union's failure to provide Plaintiff with the results of her dispute, or to even acknowledge receipt of Plaintiff's dispute, despite Plaintiff's proof of delivery of her dispute; and Defendants' failure to correct false reporting on Plaintiff's credit report.

### II. PARTIES

2. Plaintiff, Shakeria Starks, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky, residing at 3809 Riveroaks Circle, Louisville, Kentucky 40241.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

5. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

7. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky, with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

8. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

9. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

10. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky, as a result of the Defendant doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

11. In or around January 2021, Plaintiff accessed her Experian credit report and discovered a Republic collection account impermissibly reporting five separate charge offs on one account.

12. Immediately upon discovery of the false tradeline, Plaintiff disputed the account to Experian in writing.

13. In February 2021, Plaintiff again accessed her Experian credit report, and the tradeline was still reporting the multiple charge offs. Despite Plaintiff's lawful request for amendment or deletion of the disputed items, pursuant to the FCRA, Experian failed to investigate Plaintiff's dispute and failed to amend Plaintiff's credit report.

14. In or around April 2021, Plaintiff accessed her Trans Union credit report and discovered a Bestway account reporting with a balance of $1796. The Plaintiff is in possession of every Bestway contract she has entered into, and they were all paid in full and on time.

15. Immediately upon discovering the tradeline, Plaintiff disputed the account to Trans Union in writing and requested that the account be deleted immediately.

16. Despite a receipt from the USPS of delivery confirmation of their dispute letter to Trans Union on April 15th, 2021, Plaintiff never received dispute results from Trans Union. In May 2021, Plaintiff again accessed her Trans Union credit report and discovered that the Bestway account tradeline was reporting as it had been reporting prior to Plaintiff's dispute. Trans Union utterly failed to investigate Plaintiff's dispute, despite Trans Union's receipt of Plaintiff's dispute letter.

17. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's accounts. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Experian

18. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 17, as if fully set forth herein.

19. Experian's failure to investigate Plaintiff's dispute and its failure to amend or delete its reporting of the subject tradeline, despite knowledge of the falsity of the disputed items, are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C.

§1681i.

20. Experian's failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to amend or delete its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

21. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

22. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

23. Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline, despite knowledge of the falsity of the disputed items, are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

24. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's disputes are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

25. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's

actual damages, statutory damages, and Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

26. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

27. Experian's failure to investigate Plaintiff's dispute and its failure to amend or delete its reporting of the subject tradeline, despite Experian's knowledge of the falsity of the disputed items, are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. §1681e(b), and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

28. Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to amend or delete its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

29. Experian's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Experian is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

30. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 29, as if fully set forth herein.

31. Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline, despite Trans Union's knowledge of the falsity of the disputed items, are willful violations of Trans Union's duty to ensure maximum possible

accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

32. Trans Union's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's disputes are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

33. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Shakeria Starks, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/Emily H. Funk*
Emily H. Funk
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
EmilyFunk.hlolaw@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Shakeria Starks, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information, and belief.

_____
Shakeria Starks

COMMONWEALTH OF KENTUCKY   )
                           ) SS
COUNTY OF JEFFERSON        )

Subscribed, sworn to and acknowledged before me by Shakeria Starks on this 10 day of May, 2021.

_____
Notary Public
Commission expires: _____